# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL J. LANGE,<br><br>           Plaintiff,<br><br>     v.<br><br>C/O D. GRISSOM, et al.,<br><br>           Defendants.<br>                                                            / | CASE NO. 1:05-CV-00360-AWI-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED AS MOOT<br><br>(Docs. 12 and 14) |

Plaintiff Miguel J. Lange ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 20, 2005, plaintiff filed a motion seeking an order prohibiting Correctional Officers Hobbs, Brasswell, Trujillo, and Rodriguez, and Correctional Sergeant Beer from hindering his prosecution of this action. On December 29, 2005, plaintiff filed a motion seeking a court order mandating that prison officials photocopy his documents so that he may prosecute this action. The court construes the motions to be seeking preliminary injunctive relief, in accordance with the court's standard practice.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must

demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Plaintiff was released from prison on or around December 25, 2005. (Doc. 13.) Accordingly, plaintiff's motions for preliminary injunctive are now moot.

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motions for preliminary injunctive relief, filed December 20, 2005, and December 29, 2005, be denied as moot.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 6, 2006**          /s/ Sandra M. Snyder
icido3                                UNITED STATES MAGISTRATE JUDGE