1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9 | MIGUEL J. LANGE,                          CASE NO. 1:05-CV-00360-AWI-SMS-P

10                          Plaintiff,       ORDER REQUIRING PLAINTIFF TO EITHER
                                             FILE SECOND AMENDED COMPLAINT OR
11 | v.                                      NOTIFY COURT OF WILLINGNESS TO
                                             PROCEED ONLY ON COGNIZABLE CLAIM
12 | C/O D. GRISSOM, et al.,
                                             (Doc. 9)
13                          Defendants.

14 | _____/

15 | I.      Screening Order

16 |         A.      Screening Requirement

17 |         Plaintiff Miguel J. Lange ("plaintiff") is a former state prisoner proceeding pro se and in

18 | forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on

19 | March 18, 2005.  On August 8, 2005, the court dismissed plaintiff's complaint, with leave to amend,

20 | for failure to state any claims upon which relief may be granted.  Plaintiff filed an amended

21 | complaint on September 16, 2005.

22 |         The court is required to screen complaints brought by prisoners seeking relief against a

23 | governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24 | court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25 | "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26 | monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

27 | "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

28 | ///

1

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3      "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

4  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

5  506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short

6  and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro.

7  8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is

8  and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  A court may dismiss a

9  complaint only if it is clear that no relief could be granted under any set of facts that could be proved

10 consistent with the allegations.  Id. at 514.  "'The issue is not whether a plaintiff will ultimately

11 prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may

12 appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the

13 test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S.

14 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need

15 suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262

16 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal pleading standard . . . applies only to a

17 plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal

18 interpretation of a civil rights complaint may not supply essential elements of the claim that were not

19 initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting

20 Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

21      B.      Plaintiff's Claims

22      The events at issue in the instant action allegedly occurred at Avenal State Prison, where

23 plaintiff was incarcerated at the time.  Plaintiff is seeking monetary relief.  In his amended complaint,

24 plaintiff alleges that he was sprayed with pepper spray and beaten in the shower on November 24,

25 2003.  In addition, plaintiff alleges that defendant Molley failed to administer medical treatment after

26 he was sprayed with pepper spray and beaten.

27 ///

28 ///

2

1          1.    <u>Excessive Force Claim</u>

2       "Whenever prison officials stand accused of using excessive physical force in violation of

3 the Cruel and Unusual Punishment Clause [of the Eighth Amendment], the core judicial inquiry is

4 . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously

5 and sadistically to cause harm." <u>Hudson v. McMillian</u>, 503 U.S. 1, 7 (1992) (citing <u>Whitley v.</u>

6 <u>Albers</u>, 475 U.S. 312, 320-21 (1986)). "In determining whether the use of force was wanton and

7 unnecessary, it may also be proper to evaluate the need for application of force, the relationship

8 between the need and the amount of force used, the threat 'reasonably perceived by the responsible

9 officials,' and 'any efforts made to temper the severity of a forceful response.'" <u>Hudson</u>, 503 U.S.

10 at 7. "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not

11 end it." <u>Id</u>.

12       "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

13 Punishment Clause depends upon the claim at issue . . . ." <u>Id</u>. at 8. "The objective component of

14 an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of

15 decency." <u>Id</u>. at 8 (quotations and citations omitted). With respect to excessive force claims, the

16 malicious and sadistic use of force to cause harm *always* violates contemporary standards of

17 decency, regardless of whether or not significant injury is evident. <u>Id</u>. at 9; <u>see also</u> <u>Oliver v. Keller</u>,

18 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines <u>de</u>

19 <u>minimis</u> uses of force, not <u>de</u> <u>minimis</u> injuries)).

20       Plaintiff's allegations that defendant Bear sprayed him with pepper spray and hit him in the

21 face with the pepper spray can, that defendant Grissom beat him with a baton on the instruction of

22 defendant Newton, and that defendants Buttel, Molley, Muniz, and Pennywell were present but failed

23 to intervene are sufficient to give rise to a claim for relief under section 1983 against defendants

24 Bear, Grissom, Newton, Buttel, Molley, Muniz, and Pennywell for use of excessive force. Fed. R.

25 Civ. P. 8(a); <u>Swierkiewicz.</u>, 534 U.S. at 512-15; <u>Austin</u>, 367 F.3d at 1171; <u>Jackson</u>, 353 F.3d at 754;

26 <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119, 1125-26 (9th Cir. 2002). However, plaintiff's

27 conclusory allegation that defendant Mendoza-Powers, the warden, was aware of the incident but

28 ///

1   failed to intercede or prevent its occurrence is insufficient to give rise to a claim for relief under

2   section 1983.

3          Under section 1983, liability may <u>not</u> be imposed on supervisory personnel for the actions

4   of their employees under a theory of <u>respondeat</u> <u>superior</u>.  When the named defendant holds a

5   supervisorial position, the causal link between the defendant and the claimed constitutional violation

6   must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v.</u>

7   <u>Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert.</u> <u>denied</u>, 442 U.S. 941 (1979).  To state a claim for

8   relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the

9   defendant either: personally participated in the alleged deprivation of constitutional rights; knew of

10  the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient

11  that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the

12  constitutional violation.'"  <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations

13  omitted); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards

14  are broad, some facts must be alleged to support claims under section 1983.  <u>See</u> <u>Leatherman v.</u>

15  <u>Tarrant County Narcotics Unit</u>, 507 U.S. 163, 168 (1993).

16         Plaintiff has not alleged any facts that support a claim that defendant Mendoza-Powers was

17  either aware of the incident as it was occurring and failed to intervene or knew it was going to occur

18  in advance but failed to intervene.  Plaintiff may not hold defendant Mendoza-Powers liable for the

19  actions of her subordinates under section 1983 unless defendant had some personal involvement.

20  Plaintiff must allege some facts supporting defendant Mendoza-Powers' personal involvement. The

21  conclusory assertion that she knew about it is insufficient.

22                     2.    Medical Care Claim

23         It is unclear whether or not plaintiff is attempting to pursue a claim for relief under section

24  1983 for denial of medical care.  To the extent that plaintiff is attempting to do so, prison conditions

25  must involve "the wanton and unnecessary infliction of pain" to constitute cruel and unusual

26  punishment in violation of the Eighth Amendment.  <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981).

27  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment

28  violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of

life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Plaintiff's allegations are insufficient to give rise to a claim for relief under section 1983 for violation of the Eighth Amendment with respect to medical care.  Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).  In this instance, plaintiff has not alleged any facts that would support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. at 837.  The conclusory allegation that defendant Molley failed to provide medical care is insufficient to support a claim.

### 3.   Defendants Harding and Alameida

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The

1   Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right,
2   within the meaning of section 1983, if he does an affirmative act, participates in another's
3   affirmative acts or omits to perform an act which he is legally required to do that causes the
4   deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In
5   order to state a claim for relief under section 1983, plaintiff must link each named defendant with
6   some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

7        Although plaintiff names Harding as a defendant, plaintiff has not alleged any facts involving
8   an act or omission by Harding.  Accordingly, plaintiff fails to state a claim against Harding.

9        Plaintiff also fails to state a claim against defendant Alameida, who is a former Director of
10   the California Department of Corrections.  As set forth in B(1), plaintiff may not hold defendant
11   Alameida liable for the actions of his subordinates under section 1983 unless defendant had some
12   personal involvement.  Plaintiff has alleged no facts that support a claim against defendant Alameida
13   under a theory of supervisory liability.

14                    4.    Events Set Forth in Declaration

15        Attached to the amended complaint is a declaration concerning an incident in which Officer
16   Braswell failed to provide plaintiff with fresh linens on September 7, 2005.  Braswell is not named
17   as a defendant in this action. Therefore, it is unclear why plaintiff included this declaration.  To the
18   extent that plaintiff is attempting to add a new claim based on this incident, plaintiff is precluded
19   from doing so by the exhaustion requirement set forth in 42 U.S.C. § 1997e(a).

20        Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with
21   respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner
22   confined in any jail, prison, or other correctional facility until such administrative remedies as are
23   available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion must occur *prior* to filing suit.
24   McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  The section 1997e(a) exhaustion
25   requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532
26   (2002), and "[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal
27   standards, nor must they be 'plain, speedy, and effective.'"  Porter, 534 U.S. at 524 (citing to Booth
28   v. Churner, 532 U.S. 731, 739 n.5 (2001)).

1    In light of section 1997e(a), plaintiff may not add new and unrelated claims that arose after

2    this suit was filed.  In a "conflict between Federal Rule of Civil Procedure 15 and the PLRA, the rule

3    would have to yield to the later-enacted statute to the extent of the conflict."  Harris v. Garner, 216

4    F.3d 970, 982 (11th Cir. 2000).  Rule 15 "does not and cannot overrule a substantive requirement

5    or restriction contained in a statute (especially a subsequently enacted one)."  Id. at 983; see also Cox

6    v. Mayer, 332 F.3d 422, 428 (6th Cir. 2003) (citing Harris for this proposition with favor).  Allowing

7    plaintiff to pursue the claims he added in his amended complaint would allow plaintiff to thwart the

8    mandate of section 1997e(a), which requires that claim exhaustion occur prior to filing suit and not

9    during the pendency of the suit.  McKinney, 311 F.3d at 1199-1201.  All claims at issue in this action

10   must have been exhausted by March 18, 2005, the date plaintiff filed suit.

11       C.    Conclusion

12       The court finds that plaintiff's amended complaint contains a cognizable claim for relief

13   under section 1983 against defendants Bear, Grissom, Newton, Buttel, Molley, Muniz, and

14   Pennywell for use of excessive force.  However, the court finds that plaintiff's amended complaint

15   does not contain any other claims upon which relief may be granted under section 1983.  The court

16   will provide plaintiff with the opportunity to file a second amended complaint, if plaintiff wishes to

17   do so.

18       If plaintiff does not wish to file a second amended complaint and wishes to proceed against

19   defendants Bear, Grissom, Newton, Buttel, Molley, Muniz, and Pennywell for use of excessive force

20   only, plaintiff may so notify the court in writing.  The court will then issue Findings and

21   Recommendations recommending that the remaining claims and defendants be dismissed from this

22   action, and will forward plaintiff seven summonses and seven USM-285 forms to fill out and return

23   to the court.  Upon receipt of these documents, the court will direct the United States Marshal to

24   initiate service of process on defendants Bear, Grissom, Newton, Buttel, Molley, Muniz, and

25   Pennywell.

26       In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule

27   15-220 requires that an amended complaint be complete in itself without reference to any prior

28   pleading.  As a  general rule, an amended complaint supersedes the original complaint.  See Loux

7

1  v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original

2  pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an

3  original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

4  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

5  complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy,

6  625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named

7  defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some

8  affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v.

9  Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

10  588 F.2d 740, 743 (9th Cir. 1978).

11  Based on the foregoing, it is HEREBY ORDERED that:

12  1.  The Clerk's Office shall send plaintiff a civil rights complaint form;

13  2.  Within **thirty (30) days** from the date of service of this order, plaintiff must either:

14  a.  File a second amended complaint curing the deficiencies identified by the

15  court in this order, or

16  b.  Notify the court in writing that he does not wish to file a second amended

17  complaint and wishes to proceed only against defendants Bear, Grissom,

18  Newton, Buttel, Molley, Muniz, and Pennywell for use of excessive force;

19  and

20  3.  If plaintiff fails to comply with this order, this action will be dismissed for failure to

21  obey a court order.

23  IT IS SO ORDERED.

24  **Dated:   May 22, 2006**                    **/s/ Sandra M. Snyder**
   icido3                              UNITED STATES MAGISTRATE JUDGE

8