IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL J. LANGE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>C/O D. GRISSOM, et al.,<br><br>　　　　Defendants. | 1:05-cv-00360-AWI-SMS-P<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO OBEY A COURT ORDER**<br><br>(Doc. 20) |

　　　Plaintiff Miguel J. Lange ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 25, 2006, the court issued an order requiring plaintiff to file a second amended complaint curing the deficiencies identified therein or notify the court in writing of his wish to proceed only against defendants Bear, Grissom, Newton, Buttel, Molley, Muniz, and Pennywell for use of excessive force, within thirty days from the date of service of that order. The thirty-day period has passed, and plaintiff has failed to comply with or otherwise respond to the court's order.

　　　Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the

1

1  Court may be grounds for the imposition by the Court of any and all
2  sanctions . . . within the inherent power of the Court." District
3  courts have the inherent power to control their dockets and "in the
4  exercise of that power, they may impose sanctions including, where
5  appropriate . . . dismissal of a case." Thompson v. Housing Auth.,
6  782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action,
7  with prejudice, based on a party's failure to prosecute an action,
8  failure to obey a court order, or failure to comply with local
9  rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.
10 1995)(dismissal for noncompliance with local rule); Ferdik v.
11 Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for
12 failure to comply with an order requiring amendment of complaint);
13 Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for
14 failure to comply with local rule requiring pro se plaintiffs to
15 keep court apprised of address); Malone v. U.S. Postal Service, 833
16 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with
17 court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.
18 1986)(dismissal for failure to lack of prosecution and failure to
19 comply with local rules).
20      In determining whether to dismiss an action for lack of
21 prosecution, failure to obey a court order, or failure to comply
22 with local rules, the court must consider several factors: (1) the
23 public's interest in expeditious resolution of litigation; (2) the
24 court's need to manage its docket; (3) the risk of prejudice to the
25 defendants; (4) the public policy favoring disposition of cases on
26 their merits; and, (5) the availability of less drastic
27 alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at
28 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;

1  Ghazali, 46 F.3d at 53.
2       In the instant case, the court finds that the public's
3  interest in expeditiously resolving this litigation and the court's
4  interest in managing the docket weigh in favor of dismissal.  The
5  third factor, risk of prejudice to defendants, also weighs in favor
6  of dismissal, since a presumption of injury arises from the
7  occurrence of unreasonable delay in prosecuting an action.
8  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth
9  factor -- public policy favoring disposition of cases on their
10 merits -- is greatly outweighed by the factors in favor of
11 dismissal discussed herein.  Finally, a court's warning to a party
12 that his failure to obey the court's order will result in dismissal
13 satisfies the "consideration of alternatives" requirement.  Ferdik
14 v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson,
15 779 F.2d at 1424.  The court's order of May 25, 2006, expressly
16 stated: "If plaintiff fails to comply with this order, this action
17 will be dismissed for failure to obey a court order."  Thus,
18 plaintiff had adequate warning that dismissal would result from
19 non-compliance with the court's order.
20      Accordingly, the court HEREBY RECOMMENDS that this action be
21 DISMISSED, without prejudice, based on plaintiff's failure to obey
22 the court's order of May 25, 2006.
23      These Findings and Recommendations are submitted to the United
24 States District Judge assigned to the case, pursuant to the
25 provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days**
26 after being served with these Findings and Recommendations,
27 plaintiff may file written objections with the court.  Such a
28 document should be captioned "Objections to Magistrate Judge's

1  Findings and Recommendations."  Plaintiff is advised that failure
2  to file objections within the specified time may waive the right to
3  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
4  (9th Cir. 1991).

6  IT IS SO ORDERED.

7  **Dated:    July 31, 2006               /s/ Sandra M. Snyder**
   icido3                          UNITED STATES MAGISTRATE JUDGE

4